**DOE, Plaintiff–Appellant,**

**v.**

**ROE NO. 1, Defendant–Appellee,**

**and**

**Roe No. 2, Defendant.**

No. 94–3345.

United States Court of Appeals,
Seventh Circuit.

Argued Jan. 18, 1995.

Decided April 7, 1995.

Andrew C. Mallor (argued), Kendra G. Gjerdingen, Sally A. Enoch, Mallor, Clendening, Grodner & Bohrer, Bloomington, IN, for Doe.

Randall R. Fearnow (argued), Alastair J. Warr, McNamar, Fearnow & McSharar, Indianapolis, IN, for Roe 1.

Before COFFEY and EASTERBROOK, Circuit Judges, and McDADE, District Judge.*

McDADE, District Judge.

In this case premised upon diversity jurisdiction, Appellant Doe,[1] appeals from a final judgment entered on an order of the district court granting summary judgment in favor of Defendant/Appellee Roe # 1. Because Roe # 1 is one of two defendants in this case, Doe sought and was granted an order pursuant to Rule 54(b) of the Federal Rules of Civil Procedure directing the entry of a final judgment in favor of Roe # 1 and against Doe on all counts or claims made by Doe against Roe # 1. For the reasons set forth in this opinion, we affirm the decision of the district court.

---

* Hon. Joe Billy McDade of the Central District of Illinois, sitting by designation.

## BACKGROUND

Doe, who was born on October 20, 1960, is a thirty-four year old woman who purportedly suffers from a condition known as Multiple Personality Disorder ("MPD"). MPD is, apparently, characterized by the existence of multiple personalities within a single individual, one of which is considered the host personality. Doe, or her host personality, commenced the present action by filing a complaint on January 13, 1993. In her Complaint, Doe names as defendants Roe # 1, her brother, and Roe # 2, her mother. Doe alleges that Roe # 1, who is six years her senior, engaged in a non-consensual, incestuous relationship with her from the time she was eight years old until she was fourteen years of age. This corresponds, approximately, to the time period of 1968 to 1974. The Complaint seeks both compensatory and punitive damages from Roe # 1 based upon assault and battery, intentional infliction of emotional distress, and invasion of privacy.

As one might expect, Roe # 1 filed a motion for summary judgment arguing that Doe's claims were barred by the Indiana statutes of limitations applicable to Doe's claims, Indiana Code 34–1–2–2(1) and 34–1–2–5. In pertinent part, Indiana Code 34–1–2–2(1) states:

> Sec. 2. The following actions shall be commenced within the periods prescribed after the cause of action has accrued, and not afterwards:
>
> (1) For injuries to person or character, for injuries to personal property, and for a forfeiture of penalty given by statute, within two years.

However, Indiana law prescribes a different statute of limitations for those persons who are under a legal disability at the time their cause of action accrues. Indiana Code 34–1–2–5 states that:

> Any person being under legal disabilities when the cause of action accrues may bring his action within two (2) years after the disability is removed.

---

1. Both Plaintiff and Defendants have been given aliases to protect their anonymity.

In Indiana, a person under eighteen years of age is considered to be under a legal disability. Ind.Code 1–1–4–5(21).

Indiana case law has, however, recognized that the statutory grace period allowing the filing of a cause of action two years after attaining the age of majority as contained in Indiana Code 34–1–2–5 would be of no avail to a new adult who has no memory or knowledge of an early childhood trauma or injury. The Supreme Court of Indiana addressed this problem in *Fager v. Hundt,* 610 N.E.2d 246 (Ind.1993). In *Fager,* the Indiana Supreme Court refused to apply a discovery rule subjectively based upon a child victim's actual knowledge. 610 N.E.2d at 250. Rather, the *Fager* court held that:

> Because of the natural and legal obligations of parents to protect and care for their children, we hold that "discovery" of a cause of action by a child's parent, even absent actual cognition or memory by the child, shall be imputed to the child and shall conclusively constitute the accrual of an action within the meaning of the disability statute, Ind.Code § 34–1–2–5, thus allowing the minor two years after reaching majority within which to commence suit. However, this general rule must be subject to an exception when, as in the present case, the plaintiff's claim asserts childhood injury from the intentional felonious act of a parent.

610 N.E.2d at 251. Thus, the *Fager* court created a rule modifying the application of § 34–1–2–5 whereby the parents' knowledge of a child's cause of action is imputed to the child victim regardless of the child's actual cognition, and also provided an exception to § 34–1–2–5 in a case where the intentional act of a parent causes the injury complained of by the child.

The district court held that limitations period contained in Indiana Code § 34–1–2–5 barred Doe's claims against Roe # 1. In rendering its decision, the district court first found that evidence established that Doe's mother, Roe # 2, had knowledge during Doe's minority of Doe's allegations of sexual abuse at the hands of Roe # 1. The district court also found that Doe reached the age of majority in 1978 and did not file her suit until 1993. Finally, the district court found that the exception to § 34–1–2–5 created by *Fager* did not apply to Doe's claims against Roe # 1. As such, the district court found that any evidentiary disputes as to Doe's actual knowledge during either her minority or afterward were immaterial.

Doe appeals from the decision of the district court by arguing that Roe # 1 is not entitled to judgment as a matter of law. Doe argues that the district court erred in ruling that the exception created by the *Fager* court is limited to cases where intentional felonious acts of a parent are alleged. Instead, Doe argues, the *Fager* exception extends beyond the scenario where a parent is the felonious actor to situations where a parent is part of the "dynamics" which allows the abuse to occur or who is in collusion with the actual perpetrator by concealing the facts of the abuse from the child victim. Doe argues that her case falls "squarely" within this reading of the *Fager* exception and that the question of whether the conduct of Doe's parents, by deception or violation of duty, operated to conceal material facts from Doe is an issue for a jury to decide.

## ANALYSIS

▪ Whether a movant is entitled to summary judgment is a question of law. Accordingly, we must review the record and controlling law *de novo,* "which is to say without deference for the view of the district judge and hence almost as if the motion had been made to us directly. *Tobey v. Extel/JWP, Inc.,* 985 F.2d 330, 332 (7th Cir. 1993). *See also, Klein v. Rush–Presbyterian–St. Luke's Medical Ctr.,* 990 F.2d 279, 282–83 (7th Cir.1993). We can uphold an entry of summary judgment only if the moving party is entitled to judgment as a matter of law and if there is no dispute of material fact. *Klein,* 990 F.2d at 282. "A fact is material only if it might affect the outcome of the case under the governing law." *Anderson v. Liberty Lobby,* 477 U.S. 242, 249, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986). Of course, we must view the record and all inferences drawn from it in the light most favorable to the non-movant. *Holland v. Jefferson Nat'l Life Ins. Co.,* 883 F.2d

1307, 1312 (7th Cir.1989). When faced with a motion for summary judgment, however, the non-moving party may not rest on its pleadings. Rather, it is necessary for the non-moving party to demonstrate, through specific evidence, that there remains a genuine issue of triable fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 324, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986); *Bank Leumi Le–Israel, B.M. v. Lee,* 928 F.2d 232, 236 (7th Cir.1991).

■ A federal court sitting in diversity jurisdiction must apply the substantive law of the state in which it sits. *Erie R.R. Co. v. Tompkins,* 304 U.S. 64, 78, 58 S.Ct. 817, 822, 82 L.Ed. 1188 (1938); *Jean v. Dugan,* 20 F.3d 255, 260 (7th Cir.1994). "Except in matters governed by the Federal Constitution or by acts of Congress, the law to be applied in any case is the law of the state.... [a]nd whether the law of the state shall be declared by its Legislature in a statute or by its highest court in a decision is not a matter of federal concern." *Erie R.R. Co.,* 304 U.S. at 78, 58 S.Ct. at 822. This is true even if the federal court concludes that it sees "a more enlightened path." *Todd v. Societe BIC, S.A.,* 9 F.3d 1216, 1223 (7th Cir.1993) (Flaum, J. concurring). A state law which bars actions because of a statute of limitations is sufficiently substantive under *Erie* that a federal court exercising diversity jurisdiction must respect it. *Moser v. Universal Eng'g Corp.,* 11 F.3d 720, 724 n. 6 (7th Cir.1993). *See also Threshermen's Mut. Ins. Co. v. Wallingford Mut. Ins. Co.,* 26 F.3d 776, 780 (7th Cir.1994); *Jean,* 20 F.3d at 260. Neither Doe nor Roe dispute the applicability of Indiana state law to the present case. Accordingly, we shall apply the substantive law of Indiana when reviewing the district court's grant of summary judgment in favor of Roe # 1.

■ The facts material to the issue of the application of § 34–1–2–5 to Doe's claims against Roe # 1 are not in dispute. At the time the incidents alleged in the Complaint occurred, Doe was less than eighteen years of age and, therefore, under a legal disability. This disability was removed on October 20, 1978, Doe's eighteenth birthday. In addition, Roe # 1, Doe's brother, is the individual who is alleged to have injured Doe. The record also indicates, and Doe does not dispute, that Roe # 2, Doe's mother, had knowledge of Doe's allegations of sexual abuse at the hands of Roe # 1 at least as early as 1970. Also, Doe does not argue that she is or was under a legal disability as defined by Indiana Code § 1–1–4–5(21) other than that of her status as a minor. Finally, there can be no dispute that Doe commenced this suit over fourteen years after she reached the age of majority and her disability was lifted.

Applying Indiana law to the above undisputed facts, we find that Doe's claims against Roe # 1 are barred by operation of Indiana Code § 34–1–2–5 and *Fager.* Indiana Code § 34–1–2–5 requires that a person under a legal disability bring his action within two years of the removal of that disability. In *Fager,* the Supreme Court of Indiana held that in the context of an injury to a child an action accrues for the purposes of § 34–1–2–5 when a parent of the child victim discovers the action; thus allowing the minor two years from the attaining the age of majority to commence her suit. The *Fager* court also created an exception to this general rule in cases where the child victim's claim asserts an injury from the intentional felonious act of a parent. The record in this case is clear, and Doe does not dispute, that the injuries alleged by Doe occurred when she was a minor, that her mother knew of the injury during Doe's minority, that she attained the age of eighteen in 1978, and that she did not file the present suit until 1993. As such, Doe's claims against Roe # 1 are, quite clearly, time barred unless the exception created in *Fager* applies to her case.

■ The district court held that the *Fager* exception is limited to situations where the injury sustained by a child is caused by the intentional felonious acts of a parent. Doe argues that the construction given the *Fager* exception by the district court was too limited. Doe believes that the *Fager* exception should be read more expansively to include situations where, although not inflicting the injury upon the child, the parents were a part of the "dynamics" which allowed the injury to occur. Under this reading of *Fager,* Doe maintains that her case falls squarely within the exception because Roe # 2, her

mother, was in collusion with Roe # 1 in that she allowed the abuse to occur and concealed the fact of the abuse from Doe. In support of her interpretation of the exception in *Fager,* Doe points to *Shultz–Lewis Child & Family Services, Inc. v. Doe,* 614 N.E.2d 559 (Ind.1993), a case vacated and remanded by the Supreme Court of Indiana following its decision in *Fager. Shultz–Lewis* involved allegations of sexual abuse by employees of a child care facility. The plaintiffs in *Shultz–Lewis* claimed repressed memory. Doe argues that if the district court's interpretation of *Fager* was correct, there would have been no need to vacate and remand *Shultz–Lewis.* Rather, Doe reasons, the court would have simply remanded the case to the trial court to enter an order granting the defendants' motion for summary judgment. We cannot agree with Doe's interpretation of the *Fager* exception.

We believe that *Fager* is clear in its pronouncement that the exception carved out by the court to the rule that a parent's knowledge of an injury to his child will be imputed to the child applies only where a parent's intentional felonious act injures his child. The *Fager* court speaks of actions by parents which result in injuries to their children, not omissions by parents which allow injuries to occur. In addition, *Fager* involved a claim of incest, a claim which by definition involves the family. Yet, *Fager* makes no mention of an exception to the "imputation" rule in instances where parents fail to prevent sexual abuse by a family member or somehow contribute to the "dynamics" which foster such abuse. As to the *Fager* court's discussion concerning concealment, we believe that it was not meant to add to or define the perimeters of the exception. Rather, it appears to be presented as support for carving out an exception to the imputation rule for parents who intentionally and feloniously injure their children.

The extension of the *Fager* exception as pressed by Doe would effectively nullify the *Fager* imputation rule; a rule which reflects the public policy concerns of the State of Indiana as stated by that state's highest court. As the Supreme Court of Indiana stated in *Fager.*

The responsibility to learn of a child's injuries and to recognize that they may have been caused by the tortious act of another must fall to parents and legal guardians. When a young child sustains physical harm or is involved in a significant, potentially harmful incident, sound public policy assumes that the child's parents will observe, remember, and later communicate their knowledge of such events to the child when advancing maturity allows comprehension of the information for evaluation and possible action during the two-year grace period at the conclusion of minority.

610 N.E.2d at 251. Were Doe's position to prevail, in every case where a parent knew of an allegation of an injury to her child, regardless of whether a parent had faithfully discharged her parental duties or not, a claim could be made by a new adult that she was not informed by her parent within the applicable limitations period of any allegation of abuse, thereby asserting that the parent concealed or otherwise breached the duty to tell the new adult of any alleged childhood injury. In the clearest example, a parent who may not credit an allegation of abuse and, therefore, who says nothing of it to the child will be called upon years later to defend against a charge of concealment or collusion. Such an outcome defeats the purpose of the *Fager* rule and the public policy concerns from whence it was derived. Accompanying the parental responsibilities and duties to learn of injuries to their children must be the authority to evaluate and discredit allegations of injury. The position propounded by Doe would strip parents of this authority and render the imputation rule announced in *Fager* illusory.

We also find that Doe's citation to *Shultz–Lewis* is unavailing. In *Shultz–Lewis,* two plaintiffs brought suit against a social service corporation, in whose care they had been placed as children, and two of the corporation's employees. The plaintiffs were placed in the corporation's care in 1960 when they were ages eight and nine. Apparently, the plaintiffs were placed in the corporation's care because one child's mother was in a coma, and the other child's parents had abandoned her. In 1990, the plaintiffs filed suit

alleging that two employees of the corporation sexually abused them between the years 1960 and 1969. Defendants filed motions for summary judgment arguing that the plaintiffs' suit was barred by the applicable statute of limitations. The plaintiffs responded by stating that they had repressed any memory of the abuse until just prior to the filing of their suit. The trial court denied the defendants' motions finding that what knowledge the plaintiffs could be charged with based upon the exercise of ordinary care remained a disputed question of fact. The appellate court reviewing this decision affirmed, and the defendants appealed to the Indiana Supreme Court. The Indiana Supreme Court vacated the orders denying the motions for summary judgment and remanded the matter to the trial court to reconsider the defendants' motions in light of the court's decision in *Fager*.

Doe argues that if the *Fager* exception was limited solely to situations in which a parent intentionally injures her child, there would have been no reason for the Indiana Supreme Court to vacate and remand the *Shultz–Lewis* case. Rather, Doe argues, if the exception was so limited, the Indiana Supreme Court would simply have remanded the action to the trial court with the instruction to enter an order granting the defendants' motions for summary judgment. We disagree with Doe as to the significance of the vacation and remand by the Indiana Supreme Court in *Shultz–Lewis*. At oral argument, counsel for Doe could not direct us to any cases, statutes, or other propositions of law which would indicate that the vacation and remand of a case by the Indiana Supreme Court in the wake of a pivotal decision suggests an opinion on the merits of that case. Likewise, our research has failed to reveal such a proposition. As such, Doe fails to demonstrate that the remand of *Shultz–Lewis* was anything more than a standard, housecleaning measure by the Indiana Supreme Court. We also note that the facts in *Shultz–Lewis* strongly suggest that the parents of the child victims in that case did not know of injuries suffered by their children.

Therefore, the case could well have been remanded to determine whether the parents did in fact have knowledge of the injuries which could be imputed to their children. As such, we find the vacation and remand of *Shultz–Lewis* to be unpersuasive as to the proper scope of the *Fager* exception.

■ The *Fager* exception, as set forth by the Supreme Court of Indiana, encompasses only those instances where the childhood injury is caused by the intentional felonious act of the parent. Functionally, Doe asks us to rewrite an opinion of the Supreme Court of Indiana so as to enlarge the exception set forth in *Fager*. This we shall not, and indeed cannot, do. *Erie R.R. Co.*, 304 U.S. at 78, 58 S.Ct. at 822. We find the *Fager* exception inapplicable to the present case. Doe's claims against Roe # 1 are, therefore, barred by the operation of § 34–1–2–5.[2]

### CONCLUSION

For these reasons, the judgment of the district court is AFFIRMED.

---

**2.** Because we find that the district court's grant of summary judgment should be affirmed on the basis of the application of Indiana Code § 34–1–2–5 and *Fager*, we need not address the other issues raised in Doe's appeal.