82 F.3d 420
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Willie L. SMITH, Plaintiff-Appellant,
v.
John D. BEATTY, et al., Defendants-Appellees.
 No. 95-1493.
 United States Court of Appeals, Seventh Circuit.
 Submitted March 19, 1996.*
Decided April 5, 1996.
 
 Before FLAUM, EASTERBROOK and ROVNER, Circuit Judges.
 
 ORDER
 
 1
 Willie L. Smith, a state prisoner acting pro se, sued the Howard County (Indiana) Sheriff and various prison officials for violations of his civil rights. 42 U.S.C. § 1983. While in jail, Smith was involved in a fight with other inmates, and was placed in administrative segregation for assault. He remained in segregation a total of fifty-four days, during which time the segregation unit was on lockdown. Smith alleged that the conditions of his confinement violated the Eighth Amendment, and that defendants violated his Fourteenth Amendment right of access to the courts. Smith also alleged that defendants violated the Religious Freedom Restoration Act ("RFRA") by refusing to let him participate in communal worship. 42 U.S.C. § 2000bb. The district court granted summary judgment to defendants, and Smith appeals. We affirm.
 
 
 2
 Smith alleges that the conditions of his confinement violated the Eighth Amendment because his family was unable to visit him, he was denied exercise by being confined to his cell twenty-three hours a day, and he was denied medical care. These claims lack merit. First, there is no unqualified constitutional right to visitation, which may be regulated in keeping with legitimate penological objectives. Block v. Rutherford, 468 U.S. 576, 588 (1984); Caldwell v. Miller, 790 F.2d 589, 601 n. 16 (7th Cir.1986). In the case at bar, Smith's violent behavior justified limiting his contact with others at the jail.
 
 
 3
 Second, we have previously found that confining prisoners to a small cell twenty-three hours a day under lockdown conditions does not violate the Eighth Amendment, absent other aggravating conditions (such as overcrowding) which Smith does not allege. Sellers v. Herman, 41 F.3d 1100, 1102 (7th Cir.1994); Caldwell, 790 F.2d at 600-01.[1] This is particularly true given Smith's relatively brief period of confinement. Cf. Davenport v. DeRobertis, 844 F.2d 1310, 1315 (7th Cir.), cert. denied, 488 U.S. 908 (1988). Lack of exercise, however, may rise to a constitutional violation "where movement is denied and muscles are allowed to atrophy [and] the health of the individual is threatened." French v. Owens, 777 F.2d 1250, 1255 (7th Cir.1985), cert. denied, 479 U.S. 817 (1986). Smith does profess to suffer from various physical problems which require regular exercise, but he has not provided objective evidence that the confinement caused him harm. Because Smith did not support his pleadings by specific evidence, summary judgment was proper. Fed.R.Civ.P. 56(e); Doe v. Roe No. 1, 52 F.3d 151, 154 (7th Cir.1995).
 
 
 4
 Smith also asserts that he was denied prescription medication while in segregation. Because he provided no factual basis for this bare allegation, he has not carried the burden of showing deliberate indifference to his serious medical needs. Id.; Hudson v. McMillan, 503 U.S. 1, 9 (1992).
 
 
 5
 Smith next maintains that restrictions on the availability of legal materials denied him access to the courts. Bounds v. Smith, 430 U.S. 817, 821 (1977). To succeed on such a claim, a prisoner must show that (1) the prison failed to provide the prisoner with adequate access to legal materials or assistance; and (2) this failure adversely affected the prisoner's legal proceedings. Gentry v. Duckworth, 65 F.3d 555, 558 (7th Cir.1995). Direct access to a law library is unnecessary, as long as indirect procedures give prisoners adequate access to necessary legal materials. Smith v. Shawnee Library System, 60 F.3d 317, 323 (7th Cir.1995). Smith claimed that the prison's indirect access procedures were inadequate. Assuming arguendo that this is correct, we agree with the district court that Smith has not shown that he suffered adverse consequences as a result. It is true that while Smith was in segregation, this court dismissed an appeal in a different § 1983 case of Smith's for failure to file a jurisdictional statement. Smith v. Stitt, No. 93-3505 (7th Cir. Dec. 28, 1993). The missing statement, however, was due a month before Smith was placed in segregation, and the fourteen-day period for filing an overdue statement also expired before the incident which landed Smith in segregation. Moreover, Smith has not shown that the prison ever denied a request for legal materials concerning that case. No actual denial of access to the courts occurred.
 
 
 6
 Finally, Smith claims that defendants improperly restricted the practice of his religion by refusing to let him participate in communal worship. Under the RFRA, government may substantially burden a person's religion only if the government shows that is it using the least restrictive means of furthering a compelling governmental interest. 42 U.S.C. § 2000bb-(1)(b). A substantial burden "is one that forces adherents of a religion to refrain from religiously motivated conduct, inhibits or constrains conduct or expression that manifests a central tenet of a person's religious beliefs, or compels conduct or expression that is contrary to those beliefs." Mack v. O'Leary, Nos. 94-1849 & 95-1331, slip op. at 6 (7th Cir. April 3, 1996). Smith never alleged that attendance at communal religious services is fundamental to his own religious beliefs, or that he belongs to a religious organization in which communal worship is of central importance. See id. at 6-8. Accordingly, he has failed to show that defendants substantially burdened the practice of his religion. Even if he had passed this threshold test, "maintaining order in prisons is a compelling government interest and one that frequently requires and so justifies limitations on freedom of religious conduct." Id. at 9. Given the deference which we give to prison administrators, id. at 8-9, we find that defendants were justified in restricting the movement of inmates, like Smith, who have committed violent acts while in prison. Providing cell visitation by religious practitioners to inmates in segregation for violent infractions of prison rules is the least restrictive means of letting such inmates practice their religion while maintaining order in prison.
 
 
 7
 AFFIRMED.
 
 
 
 *
 After an examination of the briefs and the record, we have concluded that oral argument is unnecessary in this case. Accordingly, the appeal is submitted on the briefs and the record. See Fed.R.App.P. 34(a); Cir.R. 34(f)
 
 
 [1]
 In fact, the prisoners in Caldwell were confined for a month without any out-of-cell exercise at all. Id., 790 F.2d at 600