89 F.3d 839
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
Carlton L. SMITH, Plaintiff-Appellant,
v.
Moe BILLER, et al., Defendants-Appellees.
 Nos. 94-3990, 94-3991.
 United States Court of Appeals, Seventh Circuit.
 Submitted June 17, 1996.*
Decided June 19, 1996.
 
 Before POSNER, Chief Judge, and PELL and EVANS, Circuit Judges.
 
 ORDER
 
 1
 Carlton L. Smith, acting pro se, filed two lawsuits against the United States Postal Service, the Postmaster General, the American Postal Workers Union ("APWU"), and two union officials for discriminating against him on the basis of race. The district court dismissed with prejudice Smith's claims under Title VII, 42 U.S.C. §§ 1983, 1985, and 1986, the Fifth, Thirteenth and Fourteenth Amendments, and several claims under 42 U.S.C. § 1981. The court granted summary judgment to defendants on the remaining § 1981 claims. Smith then filed a motion for relief from judgment in each case. Fed.R.Civ.P. 59(e). After the district court handed down identical orders denying both motions, Smith appealed. We affirm.
 
 
 2
 On appeal, Smith continues to argue the merits of his case. Defendants, based on Smith's notices of appeal, urge that the only issue before us is whether the district court abused its discretion in denying the Rule 59(e) motions. The Rules of Appellate Procedure specify that the notice of appeal "shall designate the judgment, order, or part thereof appealed from." Fed.R.App.P. 3(c). Rule 3 is jurisdictional, but must be construed liberally. Nichols v. United States, 75 F.3d 1137, 1140 (7th Cir.1996). Each notice of appeal in this case refers to the district court's order of December 12, 1994, which is the denial of the Rule 59(e) motion. Smith, however, does not specify that he is appealing those orders. Rather, he cites the docket numbers which the district court assigned to his cases at the time he filed them:[1] cases retain the same docket number as long as the district court retains jurisdiction over them. This is sufficient, under the liberal reading we give to notices of appeal, to indicate that Smith is appealing the entire case, rather than just the Rule 59(e) motions. Because the Rule 59(e) motions tolled the time for appeal, Mares v. Busby, 34 F.3d 533, 535 (7th Cir.1994), the appeals were timely filed.
 
 
 3
 That, however, is as far as Smith gets. The dozens of arguments which he raises, strenuously objecting to the conclusions which the district court reached, boil down to two essential questions: did Smith submit sufficient facts to let him take his claim of race discrimination to a jury; and should the court have required the APWU to provide counsel for Smith and pay the expenses of the litigation. The answer to each question is "no."
 
 
 4
 The essential element of a prima facie case of race discrimination is showing that the defendants treated the plaintiff differently because of his race. Von Zuckerstein v. Argonne Nat'l Lab, 984 F.2d 1467, 1472-73 (7th Cir.), cert. denied, 114 S.Ct. 419 (1993). Construing the record in Smith's favor, as we must in reviewing a grant of summary judgment, Courtney v. Biosound, Inc., 42 F.3d 414, 418 (7th Cir.1994), we find that Smith has, at best, shown that he was wrongly forced to do higher-level work without receiving the promotion and pay-raise that should have accompanied the increased workload, and that the APWU refused to process his grievances. There is no evidence beyond the bare allegations of the complaint that white employees at Smith's grade level were not forced to do similar work for similar pay; neither is there evidence that the APWU did not similarly refuse to process comparable grievances from white employees. Because Smith failed to support his claim of race discrimination with specific evidence, the district court correctly granted summary judgment for defendants. See Doe v. Roe No. 1, 52 F.3d 151, 154 (7th Cir.1995).
 
 
 5
 Second, Smith insists that the APWU, as part of its duty of fair representation, should have provided him with counsel to pursue his discrimination claims, and asks that the APWU be made to reimburse him for the expenses he incurred in this litigation. Smith's reference to Vaca v. Sipes, 386 U.S. 171 (1967) indicates that this is an attempt to assert a claim under Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185. The district court never addressed this claim, no doubt because Smith never clearly articulated it in the case below.[2] Indeed, only under the liberal construction which we give to pro se complaints do we find that the claim falls within the parameters of Fed.R.Civ.P. 8. Baxter by Baxter v. Vigo Cty. Sch. Corp., 26 F.3d 728, 734 (7th Cir.1994). There is, however, no need to remand this question for the district court's consideration, because the record before us makes clear that Smith cannot succeed.
 
 
 6
 On appeal, Smith cites 5 U.S.C. §§ 7114(A)(1), 7116, and 7102 as supporting his demand for litigation expenses. He is wrong. These statutes address a Union's duty not to discriminate against its members during the collective bargaining process. Unions have no constitutional or statutory duty to provide counsel for members seeking to pursue even § 301 claims, let alone individual discrimination complaints. Moore v. Sunbeam Corp., 459 F.2d 811, 829 (7th Cir.1972). And even assuming Smith could meet the procedural prerequisites for bringing suit under § 301, Smith cannot support an argument that the APWU had a contractual duty to provide him with counsel. The only contractual provision which Smith cites, Article II of the APWU's collective bargaining agreement, is simply a general statement of principle, agreeing that neither employer nor union shall engage in racial discrimination. It has nothing to do with any agreement for the APWU to provide aggrieved union members with attorneys whenever they seek to pursue individual claims: the collective bargaining agreement does not function like an insurance policy with a duty to defend clause. Accordingly, because the APWU had no duty to litigate on his behalf, there is no basis for Smith to claim compensation for litigation expenses.
 
 
 7
 Smith's remaining arguments lack merit.
 
 
 8
 AFFIRMED.
 
 
 
 *
 After preliminary examination of the briefs, the court notified the parties that it had tentatively concluded that oral argument would not be helpful to the court in this case. The notice provided that the parties could file a "Statement as to Need of Oral Argument." See Fed.R.App.P. 34(a); Cir.R. 34(f). Plaintiff-Appellant Smith filed a statement requesting oral argument. Upon consideration of that statement, the briefs, and the record, we deny the request. Accordingly, the appeal is submitted on the briefs and the record
 
 
 [1]
 Smith concludes each notice of appeal with a one-sentence paragraph: "Therefore, plaintiff comes with a notice of appeal in 90-cv-4286-JPG [91-cv-4246-JPG]."
 
 
 [2]
 Each of Smith's amended complaints asked for appointment of counsel under 42 U.S.C. § 2000e-5(f)(1). There is no automatic right to have counsel appointed under this statute, and Smith apparently does not contend that the district court abused its discretion in refusing to do so. See Otis v. City of Chicago, 29 F.3d 1159, 1168-69 (7th Cir.1994) ( en banc); Moore v. Sunbeam Corp., 459 F.2d 811, 829 (7th Cir.1972). Similarly, in each complaint Smith sought attorney fees in his prayer for relief. As he did not prevail in the litigation, he is not entitled to an award of fees under 42 U.S.C. § 1988