Donald D. LANE, Plaintiff–Appellant,

v.

HARDEE'S FOOD SYSTEMS, INC., Defendant–Appellee.

No. 98–3935.

United States Court of Appeals, Seventh Circuit.

Argued April 14, 1999.

Decided July 22, 1999.

Kelly R. Phelps (argued), Harris, Lambert, Howerton & Dorris, Marion, IL, Plaintiff–Appellant.

Edward L. Adelman (argued), Goffstein, Raskas, Pomerantz, Kraus, Sherman, Ruthmeyer, St. Louis, MO, for Defendant–Appellee.

Before COFFEY, FLAUM, and EASTERBROOK, Circuit Judges.

FLAUM, Circuit Judge.

Donald Lane slipped and injured himself on the restroom floor of a Hardee's restaurant in Harrisburg, Illinois. Claiming that his fall was the result of water negligently left by a restaurant employee, Lane sued its owner, Hardee's Food Systems, Inc. ("Hardee's"). At the close of plaintiff's case-in-chief, the district court granted judgment as a matter of law in favor of the defendant holding that Lane had failed to produce sufficient evidence that Hardee's was responsible for creating the dangerous condition in its restroom. Because a jury could reasonably have found for Lane on the facts presented, we reverse the court's decision and remand for a new trial.

## Background

At some point soon after 10:00 a.m. on November 2, 1995, Donald Lane stopped at the Harrisburg Hardee's, ordered a drink, smoked a cigarette, and then entered the restroom. On his way out, Lane slipped on what he says was standing water near a drain, and sustained injuries to his head and neck when he hit the restroom floor.

Lane sued Hardee's in state court claiming the restaurant had negligently left the water on the restroom floor, failed to warn customers of it, and failed to maintain its restroom in a reasonably safe condition. Hardee's had the suit removed to federal district court and then moved for summary judgment. The motion was denied and the case proceeded to trial before a jury.

During his case-in-chief, Lane presented the testimony of Judy Rochford and Kim Thompson, both managers of the Harrisburg Hardee's, who each stated that the restaurant had a policy of cleaning (including mopping) the restroom everyday after breakfast ended at 10:30 a.m. Thompson also stated it was her habit to put out warning signs when the floor was being mopped, and that she periodically checked the restroom throughout the day. Lane testified that he arrived at Hardee's either between 10:16 a.m. and 10:26 a.m. or between 10:25 a.m. and 10:35 a.m. He estimated that it took him about ten minutes to drink his beverage and smoke a cigarette. Thus he entered the restroom at some point between 10:26 a.m. and 10:45 a.m. (but claims he saw no warning signs). Based on this, he was prepared to argue to the jury that he slipped in the restroom soon after a Hardee's employee mopped the restroom and that the restaurant was responsible for its agent's negligence in leaving the water and failing to warn customers of its presence.

The court disagreed. After hearing Lane's case, Judge Gilbert concluded that the plaintiff had failed to produce evidence that Hardee's had actually left water on the restroom floor prior to Lane's fall. Without such evidence, the court decided that Lane could not prevail on his negligence claim and that Hardee's was entitled to judgment as a matter of law. Lane now challenges that decision.

## Discussion

### Standard of Review

The district court may grant judgment as a matter of law when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed. R.Civ.P. 50(a)(1). See *Otto v. Variable Annuity Life Insurance*

Co., 134 F.3d 841, 845 (7th Cir.1998). The district court may not resolve any conflicts in the testimony nor weigh the evidence, except to the extent of determining whether substantial evidence could support a jury verdict: "[A] mere scintilla of evidence will not suffice." *Von Zuckerstein v. Argonne National Laboratory,* 984 F.2d 1467, 1471 (7th Cir.1993) (quoting *La Montagne v. American Convenience Products, Inc.,* 750 F.2d 1405, 1410 (7th Cir.1984)). We review the district court's decision de novo, asking whether the evidence presented, combined with all the reasonable inferences permissibly drawn therefrom, is sufficient to support the verdict when viewed in the light most favorable to the party against whom the motion is directed. *See Collins v. Kibort,* 143 F.3d 331, 335 (7th Cir.1998); *Gagan v. American Cablevision, Inc.,* 77 F.3d 951, 960 (7th Cir. 1996); *Tapia v. City of Greenwood,* 965 F.2d 336, 338 (7th Cir.1992). We will reverse the judgment "only if enough evidence exists that might sustain a verdict for the nonmoving party." *Continental Bank N.A. v. Modansky,* 997 F.2d 309, 312 (7th Cir.1993).

The issue on appeal, therefore, is whether the plaintiff presented sufficient evidence of the defendant's negligence to allow the case to go to the jury. Specifically, it is whether Lane had come forward with evidence that Hardee's, rather than another customer, spilled the water on the restroom floor. *See Howard v. Wal–Mart Stores, Inc.,* 160 F.3d 358, 359 (7th Cir.1998).

### Illinois Negligence Law and Premises Liability Law

While we review the grant of judgment as a matter of law according to the federal standard described above, *see Mayer v. Gary Partners and Co.,* 29 F.3d 330, 335 (7th Cir.1994) and *To–Am Equipment Co. v. Mitsubishi Caterpillar Forklift America,* 152 F.3d 658, 664 (7th Cir. 1998), the parties agree that Illinois law supplies the elements Lane must prove to

prevail in this diversity suit. *See Doe v. Roe No. 1,* 52 F.3d 151, 154 (7th Cir.1995). Under Illinois law, a business owes the public "the duty of exercising reasonable care in maintaining the premises in a reasonably safe condition." *Donoho v. O'Connell's Inc.,* 13 Ill.2d 113, 148 N.E.2d 434, 437 (1958); *see* Illinois Premises Liability Act, 740 ILCS 130/2 (1995) ("The duty owed [invitees and licencees] is that of reasonable care under the circumstances regarding the state of the premises or acts done or omitted on them."). The law relating to business liability for slip and fall injuries is well established. If the plaintiff is injured by slipping on a foreign substance placed or left on the premises by the proprietor or its agent, the defendant business can be liable whether it knows of the dangerous condition or not. *See Olinger v. Great Atlantic and Pacific Tea Company,* 21 Ill.2d 469, 474, 173 N.E.2d 443, 445 (1961); *see also Reed v. Wal–Mart Stores, Inc.,* 298 Ill.App.3d 712, 233 Ill.Dec. 111, 700 N.E.2d 212, 214 (Ill.App. Ct.1998). If the offending substance was on the premises through acts of a third person, or if there is no showing of how it got there, the business will normally only be liable if it had actual or constructive knowledge of its presence or if "the substance was there a sufficient length of time so that in the exercise of ordinary care its presence should have been discovered." *Olinger,* 173 N.E.2d at 445.

To prove that the defendant business, as opposed to a third person, created the hazard (and therefore whether actual notice by the defendant is required), Illinois courts have required the plaintiff to 1) show that the foreign material was related to the defendant's business, and 2) produce some evidence that makes it more likely than not that the defendant was responsible for its existence. *See Donoho,* 148 N.E.2d at 439; *Thompson v. Economy Super Marts, Inc.,* 221 Ill.App.3d 263, 163 Ill.Dec. 731, 581 N.E.2d 885, 888 (Ill.App. Ct.1991).

*Assessment of the Evidence Presented*

■ Based on Illinois law and the evidence Lane has presented, we conclude that a reasonable jury could have found in the plaintiff's favor on the question of negligence. *See Otto v. Variable Annuity Life Insurance Co.*, 134 F.3d 841, 845 (7th Cir. 1998); *Howard v. Wal–Mart Stores, Inc.*, 160 F.3d 358, 359 (7th Cir.1998). The district court held that Lane lacked sufficient evidence to establish his claim that Hardee's had negligently created the dangerous condition.[1] The court was simply not convinced that Lane had shown that Hardee's had acted improperly. While we understand the district court's doubts about the quantity of Lane's evidence,[2] and share the court's concern about its strength,[3] once the plaintiff has presented the minimum evidence necessary to support a verdict, the court may not weigh it. *See La Montagne v. American Convenience Products, Inc.*, 750 F.2d 1405, 1410 (7th Cir.1984). Viewing the evidence and all reasonable inferences therefrom in a light most favorable to the plaintiff, we believe Lane has, though minimally, met the elements set out in Illinois case law and had, at least at the close of his case, a right not to have the negligence question taken from the jury. *See Howard*, 160 F.3d at 359 (determining that the plaintiff's slight evidence in slip and fall case could support the jury verdict, "though surely only by a hair's breadth").

First, the parties do not dispute that the substance at issue—water in a public rest-room—was related to the defendant's business. Lane even took the precaution of eliciting testimony from Rochford that clean (including presumably mopped) restrooms are an important part of running the restaurant. *Cf. Olinger*, 173 N.E.2d at 446 (no evidence that unidentified reddish substance on grocery store floor was related to the defendant's business). Second, Lane has presented the kind of substantial evidence this court has identified as sufficient to support a jury finding of negligence. *See Howard*, 160 F.3d at 359 (verdict in favor of grocery shopper who slipped on a patch of spilled liquid soap upheld based on evidence that spill was near area where store employee could have been shelving the product and the fact that no broken container was ever found, which suggested that an employee rather than another customer was responsible). A jury could reasonably infer from the restaurant's daily practice of cleaning the restroom floor after breakfast at 10:30 a.m. that the floor was indeed mopped at around that time on the day of the accident. The most favorable reading of Lane's time line put the plaintiff in the restroom soon after the inferred mopping. From the fact that spilled water or residual dampness is not an unusual by-product of mopping and from the alleged mopping's proximity to the accident, a jury could reasonably conclude that Hardee's, rather than another customer, was responsible for the dangerous condition. *See id.; see, e.g., Donoho*, 148 N.E.2d at 440–41 (verdict in favor of restaurant patron who

---

1. The court also held that Hardee's did not have constructive notice of the water and could not be responsible under a premises liability theory. On appeal Lane is only challenging the court's determination that it had failed to establish a claim for negligence. We therefore need not address the notice issue.

2. In *Howard*, where a woman sued a grocery store after she slipped on some liquid soap, we stated that, given the relatively low stakes involved in the suit, it would not have been reasonable for the plaintiff to conduct a more thorough investigation. 160 F.3d at 360. Therefore, we concluded, no negative inference should necessarily be drawn from the

paucity of evidence produced. Id. Because Lane's case involves similar stakes, this logic is applicable.

3. Of particular concern to the district court was the fact that Lane was depending on Hardee's having fulfilled part of its routine policy (mopping the bathrooms around 10:30 a.m.) but not the other part (putting out warning signs). The lack of signs in violation of restaurant policy obviously makes the inference that Hardee's actually mopped prior to Lane's fall less strong, and should appropriately be weighed by the jury.

slipped on an onion ring was sustained by evidence that busboy had recently cleaned the area of the accident and had a practice of clearing the tables in a way that could allow food particles to drop on the floor). This is by no means the only—nor even the most—reasonable conclusion a jury could reach, but so long as it is permissible, the case should have been allowed to proceed.

## Conclusion

Because Lane has met his burden of presenting sufficient evidence on which a reasonable jury could base a verdict in his favor, the district court's judgment in favor of Hardee's was improper. We therefore REVERSE and REMAND the case for proceedings consistent with this opinion.