Nathaniel JONES–BEY,
Plaintiff–Appellant,

v.

Stephen HUCKINS, Defendant–
Appellee.

No. 01–2953.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 12, 2003.*

Decided Aug. 13, 2003.

Before MANION, ROVNER, and
DIANE P. WOOD, Circuit Judges.

### ORDER

Indiana inmate Nathaniel Jones–Bey brought this civil rights action, *see* 42 U.S.C. § 1983, alleging that Stephen Huckins, a counselor at Westville Correctional Facility, violated his constitutional rights by refusing to mail a legal submission. The case proceeded to trial, but after Jones–Bey presented his evidence to the jury, the district court granted Huckins's motion for judgment as a matter of law under Fed.R.Civ.P. 50(a) and dismissed the complaint. Jones–Bey appeals but we affirm.

On December 24, 1997, this court docketed a notice of appeal filed by Jones–Bey challenging a federal district court's denial of his petition for a writ of habeas corpus under 28 U.S.C. § 2254. *Jones–Bey v. Newkirk,* No. 97–4219. The district court had denied his § 2254 petition because it was a successive appeal filed without permission from this court. *See id.* § 2244(b). That same day, this court issued an order giving him 14 days to move for leave to proceed *in forma pauperis* or pay the docketing fee in district court. Jones–Bey, however, did not respond. On January 8, 1998, this court ordered the parties to file jurisdictional memoranda addressing why the case should not be summarily affirmed. Newkirk filed a response on January 16, and ten days later Jones–Bey asked for more time to respond. This court granted

---

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

his request, giving him until February 13 to respond.

On February 13, Jones–Bey asked Huckins to mail his jurisdictional memorandum, but Huckins refused because Jones–Bey had no money in his account for postage. Jones–Bey then filed the memorandum on February 17. In May 1998 this court dismissed Jones–Bey's appeal because he never paid the filing fee and did not move to proceed *in forma pauperis*. Jones–Bey responded by bringing this lawsuit against Huckins.

In this appeal Jones–Bey argues that the district court erred by granting Huckins's request for a judgment as a matter of law, a decision we review *de novo*. *See Murray v. Chi. Transit Auth.*, 252 F.3d 880, 886 (7th Cir.2001). Under Rule 50(a), judgment as a matter of law is appropriate when "a party has been fully heard on an issue and there is no legally sufficient evidentiary basis for a reasonable jury to find for that party on that issue." Fed.R.Civ.P. 50(a). Like the standard for summary judgment, we examine the record in its entirety and consider the evidence in the light most favorable to the nonmoving party. *Murray*, 252 F.3d at 887. We will reverse the judgment only if enough evidence exists that might sustain a verdict against the nonmoving party. *Lane v. Hardee's Food Sys., Inc.*, 184 F.3d 705, 707 (7th Cir.1999). Inmates claiming a denial of access to the courts must prove that prison officials hindered their ability to pursue a nonfrivolous legal claim. *Tarpley v. Allen County, Ind.*, 312 F.3d 895, 899 (7th Cir.2002).

This appeal is frivolous. Huckins did not prevent Jones–Bey from filing the jurisdictional memorandum—Huckins simply refused to mail it for him because Jones–Bey did not have money in his account for postage. "[A]lthough prisoners have a right of access to the courts, they do not have a right to unlimited free postage." *Gaines v. Lane*, 790 F.2d 1299, 1308 (7th Cir.1986). Moreover, even if it could be said that Huckins impeded Jones–Bey's efforts to mail the memorandum on that particular day, Jones–Bey failed to establish prejudice. Jones–Bey was able to mail the memorandum on February 17, and his appeal was subsequently dismissed for nonpayment; blowing the deadline had no impact on the case. Moreover, the underlying habeas corpus petition was frivolous—the district court dismissed it as successive and filed without permission from this court, and Jones–Bey has not undermined the soundness of that determination. *See Christopher v. Harbury*, 536 U.S. 403, 415, 122 S.Ct. 2179, 153 L.Ed.2d 413 (2002) (hindrance of frivolous claim does not result in actual injury and therefore cannot give rise to claim for denial of access to the courts). Consequently, the district court did not err by dismissing the complaint under Rule 50(a).

The judgment of the district court is AFFIRMED. We direct Jones–Bey, an undeterred three-striker, to show cause within 14 days why he should not be sanctioned for filing a frivolous appeal. *See* Fed. R.App. P. 38.