Nathaniel JONES–BEY,
Plaintiff–Appellant,

v.

Dean RIEGER, Doctor, in his individual and official capacities, et al.,
Defendants–Appellees.

No. 02–1609.

United States Court of Appeals,
Seventh Circuit.

Submitted Aug. 12, 2003.*

Decided Aug. 13, 2003.

Before MANION, ROVNER, and DIANE P. WOOD, Circuit Judges.

* After examining the briefs and the record, we have concluded that oral argument is unnecessary. Thus, this appeal is submitted on the briefs and the record. *See* Federal Rule of Appellate Procedure 34(a)(2).

## ORDER

Indiana inmate Nathaniel Jones–Bey brought this civil rights action, *see* 42 U.S.C. § 1983, alleging that medical personnel at the Westville Correctional Facility violated his Eighth Amendment rights by providing inadequate medical care for his ear and eye ailments. After Jones–Bey presented his evidence to a jury, the district court entered judgment as a matter of law under Fed.R.Civ.P. 50(a) for two defendants, physician Dean Rieger and nurse Karen Henrich. The court dismissed Jones–Bey's claims against these defendants, and then entered a default judgment in favor of Jones–Bey against Lisa Hommer, a prison nurse who had been served with, but did not answer the complaint. The jury awarded Jones–Bey $5,000 in compensatory damages and $35,000 in punitive damages, plus interest. Jones–Bey appeals but we affirm.

In June 1999 Jones–Bey filed suit alleging that the defendants were deliberately indifferent to his serious medical needs by denying him medication and necessary treatment for his ear and eye pain, and that Henrich destroyed a bloody urine sample that would have proven that prison guards assaulted him.

Before trial Jones–Bey filed a motion seeking permission to wear personal clothing without shackles. The district court denied his request. During the trial, Jones–Bey asked for a mistrial because he thought the jurors spotted the shackles. The district court denied the motion.

After Jones–Bey presented his evidence at trial, Rieger and Henrich moved for a directed verdict. In granting this request, the district court concluded that Jones–Bey had failed to demonstrate that the defendants acted with deliberate indifference to a serious medical need. *See Farmer v. Brennan*, 511 U.S. 825, 834, 114 S.Ct. 1970, 128 L.Ed.2d 811 (1994).

On appeal Jones–Bey argues that the district court erred by granting judgment as a matter of law in favor of the two active defendants. But we cannot adequately review this argument because Jones–Bey included in the record on appeal only brief portions of the trial transcript. *See LaFollette v. Savage*, 63 F.3d 540, 543–45 (7th Cir.1995). Jones–Bey ordered only those portions of the transcript relating to his request for a mistrial and the Rule 50(a) motion; conspicuously absent is his presentation of evidence at trial. We will reverse a judgment entered under Rule 50(a) only if enough evidence exists that might sustain a verdict against the nonmoving party, *Lane v. Hardee's Food Sys., Inc.*, 184 F.3d 705, 707 (7th Cir.1999), and there is no way we can make such a determination without examining his presentation of evidence at trial. Jones–Bey was responsible for ensuring that the record contains everything needed for meaningful review, *see Birchler v. Gehl Co.*, 88 F.3d 518, 519–20 (7th Cir.1996), and because he failed to do so, he cannot prevail on his argument that the court erred by entering a directed verdict, *see Woods v. Thieret*, 5 F.3d 244, 245–46 (7th Cir.1993). So too his contention that the district court erred by failing to instruct the jury that it may award damages for emotional injury—there has been no showing from this incomplete record that the evidence warranted such an instruction. *LaFollette*, 63 F.3d at 545.

Jones–Bey, a three-striker, explains that he could not afford to pay for the full transcript because the district court ordered the Indiana State Prison to remit all of the money from his trust account to pay outstanding filing fees from 17 other cases. He asserts that the court erred, but its order was proper under 28 U.S.C. § 1915(b)(2). He does not dispute that the money remitted was income. Moreover,

§ 1915(b)(2) requires prisoners to pay up to 20% of their income for each outstanding filing fee, and multiple fees accumulate even if it means taking the balance of the prisoner's income. *Newlin v. Helman,* 123 F.3d 429, 436 (7th Cir.1997), *overruled in part on other grounds, Lee v. Clinton,* 209 F.3d 1025 (7th Cir.2000).

■ Jones–Bey also complains that the district court erred by allowing the jury to see him in shackles. This issue is not relevant to his claims against Rieger and Henrich because the court entered a directed verdict in their favor–the jury never considered their liability. But the shackle issue is relevant to his claims against Hommer because the jury awarded damages upon the court's entry of a default judgment against her. District courts presiding over civil trials should ensure that shackles are necessary to maintain courtroom security, and if they are, that they are employed in a way that minimizes their prejudice. *Lemons v. Skidmore,* 985 F.2d 354, 359 (7th Cir.1993). Here, even though the court failed to inquire if shackles were necessary, Jones–Bey cannot establish prejudice. *See Thieret,* 5 F.3d at 247–48. There is no evidence that any of the jurors saw the shackles, and in asking for a mistrial, Jones–Bey specifically requested that the court not raise the issue to the jury. Moreover, even if the jury did see the shackles, to establish prejudice Jones–Bey would have to demonstrate that the jury would have awarded greater damages had they not seen them. But given the court's entry of a Rule 50(a) judgment as to the other defendants, we wonder (that's all we can do based on an incomplete record) whether *any* award of damages was appropriate.

AFFIRMED.